**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDY R. BOBO,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-35048

D.C. No. 3:18-cv-05020-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted March 5, 2020[**]
Seattle, Washington

Before:  IKUTA and R. NELSON, Circuit Judges, and OLIVER,[***] District Judge.

Brandy Bobo appeals the determination of an administrative law judge

("ALJ")—which was affirmed by a federal district court—that she is not disabled

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]   The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

because she has residual functional capacity to work. We have jurisdiction under 28 U.S.C. § 1291 and will not overturn an ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). Finding no reversible errors here, we affirm the district court's determination.

1.     The ALJ did not err in his evaluation of the relevant medical evidence. Ms. Bobo raises a litany of errors. Having considered all of them, we conclude that the ALJ did not err in his assessment of the opinions and findings of Dr. Elrod, Dr. Losee, Dr. Barton-Haas, Dr. Kedar, or in his weighing of the opinions and findings of non-examining medical professionals. We also conclude that even if the ALJ erred in not addressing the opinions and findings of Tyre Patterson and Rosemary Spyhalsky, or in not stating on the record that the opinions of non-examining medical professionals were based on incomplete information, any errors were harmless because they were "inconsequential to the ultimate nondisability determination" and would not "alter[] the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks omitted).

2.     The ALJ did not err in giving only some weight to Ms. Bobo's symptom testimony. The ALJ gave several "clear and convincing" reasons for doing so, including that Ms. Bobo's testimony about dizziness and debilitating pain

2

was not consistent with the medical evidence, that medications and therapy had been relatively effective in controlling her neck pain, headaches, fibromyalgia, and mental health symptoms, that her daily activities were not as limited as one might expect based on Ms. Bobo's symptom testimony, and that she made inconsistent statements in her testimony. Substantial evidence supports each of the reasons given by the ALJ.

3. The ALJ did not err in giving only some weight to Ms. Bobo's mother's testimony. The ALJ gave a "germane" reason for doing so—that it was inconsistent with the medical evidence and other evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Substantial evidence supports that decision. The mother testified that Ms. Bobo had severe social anxiety, could not manage stress and interact socially, had difficulty using her arms, and could not stand for long periods of time, among other things. This testimony was inconsistent with medical evidence that Ms. Bobo could in fact walk and stand, had normal range of motion and strength in her shoulders, and could in fact manage work-related stress and social interactions. Because a "reasonable mind might accept" this evidence as "adequate to support" the conclusion that the mother's testimony was inconsistent with the medical evidence and therefore entitled to only some weight, substantial evidence supports the ALJ's decision. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted).

4.      The ALJ did not err in determining Ms. Bobo's residual functional capacity.  Instead, the ALJ based his determination on the limitations he found to be credible and supported by substantial evidence.  Because we conclude that the ALJ properly assessed the evidence and that substantial evidence supports his conclusions, we also conclude that substantial evidence supports the ALJ's residual functional capacity determination.

**AFFIRMED.**