**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRK ALLEN MARSHALL, | No.   19-35303 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05546-MJP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted October 7, 2020[**]
Seattle, Washington

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Kirk Marshall appeals the district court's order affirming the denial of Title II Social Security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review an appeal of a denial of Title II benefits de novo and reverse only if the decision "is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). Because the parties are familiar with the facts of the case, we recite only those necessary to resolve the issues on appeal.

1. The ALJ provided "clear and convincing reasons" for rejecting Marshall's subjective testimony about his pain. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996)). The ALJ identified specific inconsistencies between Marshall's testimony and the record evidence, such as Marshall's testimony about his marijuana use and its impact on his June 2009 termination from employment, and the disjunction between his statements that he could not walk and medical evidence showing that his gait was normal. We see no error.[1]

---

[1] Marshall argues that the ALJ's 2015 decision, where he was found to be disabled for purposes of his Title XVI claim, contradicts the ALJ's 2017 Title II decision. However, the ALJ issued the second decision five years after the period at issue here. The subsequent award took into account the progression of Marshall's degenerative disc disease. Accordingly, there is no conflict.

2. The ALJ did not err in its assessment of the medical evidence. First, the ALJ properly discounted the opinions of Dr. Hoskins, a non-examining physician, because Dr. Hoskins limited Marshall's standing and walking capabilities solely based on Marshall's medical history and radiographic records, not an evaluation of Marshall's demonstrated functioning. In light of Marshall's occasional complaints and record medical evidence about his normal gait and strength, the ALJ found Dr. Hoksins's observations inconsistent with the record as a whole. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008). Second, the ALJ properly weighed the opinions of Marshall's examining physicians, Drs. Chilczuck, Fajardo, and Wingate, based on specific and legitimate reasons supported by the record. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ properly assigned Dr. Chilczuck's first opinion limited weight because it was inconsistent with his own medical examination and the record as a whole. The ALJ assigned limited weight to Dr. Chilczuck's second opinion as well because it was based solely on Marshall's history and radiographic imaging, not a physical exam, and it was made after the period at issue here. The ALJ also properly assigned limited weight to Dr. Wingate's opinion about Marshall's mental health because Marshall did not disclose to her details of his marijuana use and because his complaints were not consistent with his contemporaneous milder

3

complaints to other providers. Finally, the ALJ properly assigned Dr. Fajardo's opinion significant weight because it was based on a physical evaluation and consistent with both the medical record and Marshall's own testimony. Accordingly, we see no error in the ALJ's assessment of the medical evidence.

3. The ALJ did not err by rejecting Marshall's mother's lay statement because the ALJ gave specific, germane reasons for doing so. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163–64 (9th Cir. 2008). Specifically, the ALJ observed that the statement gave "no indication that [it] described limitations that existed during the period at issue" and was inconsistent with medical evidence.

4. The ALJ properly based its residual function capacity (RFC) determination on limitations that it found credible. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Though the ALJ erred by including in its consideration a past job that Marshall never performed, that error was harmless because the ALJ also considered jobs that Marshall previously performed.

5. The ALJ's Step Five findings were supported by substantial evidence. *See Biestek v. Berryhill*, —— U.S. ——, 139 S. Ct. 1148, 1157 (2019). The ALJ did not err when assigning Marshall's RFC, as discussed. The ALJ also considered the vocational expert's testimony in which the expert acknowledged that he

4

adjusted his recommendations to account for outdated listings in the Dictionary of Occupational Job Titles.

**AFFIRMED.**