**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINA DOWNS, | No.   19-36060 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05057-JLR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Tina Downs appeals from the district court's judgment affirming a decision

of the Commissioner of Social Security that she is not entitled to disability

insurance benefits.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 405(g). Reviewing the administrative law judge's ("ALJ") findings for substantial evidence, *see Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018), we affirm.

1.  Any error by ALJ Kennedy in invoking the law of the case was harmless because we can review the merits of ALJ Alexis's findings in light of the additional evidence Downs presented to ALJ Kennedy on remand. *See Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017); *cf. Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018) (reviewing in the first instance whether amended complaint was adequately pled after district court erroneously relied on the law of the case to dismiss it).

2.  ALJ Kennedy did not need to evaluate whether Downs's new evidence of pain showed a "severe medically determinable . . . impairment," 20 C.F.R. § 416.920(a)(4)(ii), in light of his conclusion that pain is a symptom rather than a medically determinable impairment. *See* 20 C.F.R. § 404.1529(b) ("Your symptoms, such as pain . . . , will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."). The ALJ acknowledged Downs's new evidence of fibromyalgia and chronic fatigue syndrome and properly rejected it for failing to rule out other possible conditions with the same symptoms. *See* SSR 12-2p, 77 Fed. Reg. 43,640, 43,641 (July 25, 2012); SSR 14-1p, 79 Fed. Reg. 18,750,

18,752 (Apr. 3, 2014). The ALJ gave germane reasons for rejecting Downs's new evidence of anxiety and sleep disturbance. *See* 20 C.F.R. § 404.1502(a) (excluding nurse practitioners from "[a]cceptable medical source[s]" for Downs's claim); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

In discounting most of the examining doctors' opinions, the ALJ provided "specific and legitimate reasons" supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Dr. Henry-Socha was uncertain about a diagnosis for Downs's pain, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1150–51 (9th Cir. 2001), and failed to indicate vocational restrictions, *see Ford*, 950 F.3d at 1156. Dr. Tolles and ARNP Griffel made vague assessments of Downs's anxiety that lacked specific vocational restrictions, and their treatment notes during the relevant period did not support the significant limitations they assessed more than two years after Downs's benefits eligibility expired. Dr. May's and Dr. Kaufman's fibromyalgia diagnoses did not rule out other possible causes of Downs's symptoms. Dr. Earle's opinion did not indicate any vocational restrictions.

To the extent ALJ Alexis erred in rejecting Dr. Rubenstein's diagnosis of thoracic outlet syndrome, the error was harmless. Dr. Rubenstein described the condition as "sporadic," and ALJ Kennedy acknowledged Downs's "complaints of . . . numbness in the extremities" and "considered [Downs's] symptoms as

3

reflected in the longitudinal record in evaluating her testimony and in formulating the residual functional capacity."

3. ALJ Kennedy offered "specific, clear and convincing reasons" for rejecting Downs's testimony about the severity of her symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Downs testified that she had migraines "every single day" from 2010 to 2015, with blurred vision "at least four days a week," and vomiting "[s]ometimes." However, in January 2011 Downs reported experiencing migraines "weekly," and in April 2014 she reported that her headaches were "stable" and that she used prescription medication only "occasionally for severe [ones]." Throughout the alleged disability period, Downs almost always denied having vision problems or nausea.

Downs received only conservative treatment for her back and neck pain. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Downs typically denied experiencing mental health symptoms to her primary care provider, and there is little evidence that she sought specialized treatment, suggesting that her occasional symptoms were not severe. Downs's

4

frequent denials of fatigue to medical providers was inconsistent with her allegations of fatigue and a need to nap for two to three hours each day.

4. In discounting the testimony of the other lay witnesses—Ben Downs, Cheryl Moore, and Melinda Gauyan—the ALJs gave reasons that were "germane to each witness." *Valentine*, 574 F.3d at 694 (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Downs acknowledges that Ben Downs's observations were "consistent with [her own] testimony," and ALJ Kennedy properly rejected them for the same reasons. *See id.* Similarly, both ALJ Kennedy and ALJ Alexis properly found that Moore's statements were not entirely consistent with the medical evidence for the same reasons as Downs's testimony. And ALJ Alexis properly found that Gauyan's description of Downs's difficulties at work was not helpful because the work "was at a much higher difficulty level than" that required by Downs's residual functional capacity.

5. Because ALJ Kennedy did not err in evaluating the record evidence, he properly assessed Downs's residual functional capacity.

**AFFIRMED.**