NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENTA TADESSE, | No. 20-16064 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-07643-JST |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted November 17, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, MCKEOWN, Circuit Judge, and MOLLOY,***
District Judge.

Denta Tadesse appeals the district court's order affirming the Commissioner

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

of Social Security's denial of his application for benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order affirming the denial of benefits and will reverse only if the decision of the administrative law judge ("ALJ") "is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* (internal quotation marks omitted). Nevertheless, we "may only consider the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (internal quotation marks omitted). We reverse and remand.

1. The ALJ erred by finding that Tadesse's depression was nonsevere at step two. A step-two evaluation is "a de minimis screening device used to dispose of groundless claims," *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation marks and alteration omitted), and the evidence relied on by the ALJ does not support a finding that Tadesse's mental impairment had only a minimal impact on social functioning and pace, persistence and concentration. This is not the "total absence of objective evidence of severe medical impairment" that would permit a finding of no disability at step two. *Id.* at 688. Although an error at step two may be considered harmless where, as here, the ALJ moves to the next step in the

analysis, the decision must reflect that the ALJ considered any limitations posed by the impairment at either step four or step five. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). As discussed below, that is not the case here.

2. Tadesse correctly argues that the ALJ erred in rejecting the mental health functionality assessment of his treating physician Dr. Joanna Eveland. It was not appropriate to juxtapose Dr. Eveland's opinion with that of state examiners Drs. Lewis and Berry because the state evaluations regard Tadesse's physical function, while Dr. Eveland's primary opinion—the one the ALJ rejected—regards his mental function. In the absence of a contradictory opinion as to Tadesse's mental functionality, the ALJ was required to provide clear and convincing reasons for rejecting Dr. Eveland's assessment. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ failed to do so. The ALJ rejected Dr. Eveland's assessment "because it is an evaluation rather than treatment," and "[m]ore importantly, Dr. Eveland is not a psychiatrist and she has not treated the claimant for any mental health issues." The former is unconvincing because "the purpose for which an opinion is provided[] is not a legitimate basis for evaluating the reliability of the report." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). And Dr. Eveland, as a duly licensed physician, may give competent psychiatric evidence based on clinical observation. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). While the ALJ could have rejected Dr. Eveland's opinion in favor of that of a specialist, *see* 20

3

C.F.R. §§ 404.1527(c)(5), 416.927(c)(5); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), the ALJ did not do so here. Accordingly, substantial evidence does not support the ALJ's rejection of Dr. Eveland's general mental health assessment.

3. The ALJ also erred in failing to address the functional observations and opinions of Dr. John Brim and Tadesse's therapist, Juan Cabrera. Dr. Brim diagnosed Tadesse with "intermittent explosive disorder" and "narcissistic personality disorder." The ALJ did not mention that diagnosis or address any of Dr. Brim's observations regarding Tadesse's social functionality despite their consistency with Dr. Eveland's assessment. Similarly, the ALJ referenced Cabrera's treatment notes, but only to the extent they stated that Tadesse was "friendly, cooperative and forthcoming." The ALJ did not address Cabrera's observations of Tadesse's symptoms—specifically his growing anger, isolation, and diminished concentration—that reflect those of Dr. Eveland and Dr. Brim. Opinions such as Cabrera's are considered "other source" evidence and may be discounted only if an ALJ "provides reasons germane to each witness for doing so." *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (internal quotation marks omitted). No such reasons were provided.

4. Consistent with the above, the ALJ's reasons for discounting Tadesse's testimony regarding his subjective symptoms largely ignore the consequences of his

anger-related mental health issues without providing specific, clear, and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Tadesse's inability to work with other people because of his anger is central to the case and was not addressed by the ALJ. Because the ALJ's assessment of Tadesse's subjective symptom testimony could be different if the ALJ agreed with Dr. Eveland, Dr. Brim, or Cabrera, the ALJ must revisit this finding on remand.

5. Finally, the ALJ's assessment of a residual functioning capacity that contains no mental limitation without explanation is not supported by the record. Nor is such error harmless, as the vocational expert testified that there would be no past work available for someone "unable to work with the public" that was "off task at least 25% of time," or someone that missed more than two unscheduled days per month. We therefore remand to the district court for further findings regarding Tadesse's mental limitations.

**REVERSED and REMANDED.**