

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHLEEN CAMARENA,

                Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

                Defendant-Appellee.

No.    20-36083

D.C. No.    1: 19-cv-00094-TJC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted December 10, 2021**
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Kathleen Camarena (Camarena) suffers from multiple medical conditions.

In October of 2013, she filed an application for social security benefits, stating that

---

     \*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

as a result of her medical conditions, she has been unable to work since August 8, 2013.

An Administrative Law Judge (ALJ) found in July of 2015 that Camarena was not disabled. After Camarena appealed, in 2018 the district court reversed and remanded for further proceedings. The ALJ held a new hearing in April of 2019 and again found Camarena not disabled. The district court affirmed the ALJ's 2019 finding in October of 2020, and the plaintiff timely appealed. Reviewing de novo, we AFFIRM.

**1.** We review a district court order affirming an ALJ's denial of benefits de novo. *See Luther v. Berryhill,* 891 F.3d 872, 875 (9th Cir. 2018). "A decision . . . to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error. . . ." *Id.* (citation omitted).

**2.** It is within the province of the ALJ to weigh the testimony of various medical providers and of the claimant. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. . . .") (citation omitted). An ALJ may discount the uncontradicted opinion of a non-treating, examining physician by providing "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996), *as*

2

*amended* (citation omitted). The opinion of an "other source[]" medical provider, such as a nurse, may be discounted if the ALJ provides "germane reasons" for doing so. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). The subjective testimony of the claimant regarding the severity of her symptoms may be discounted by the ALJ if he provides "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015)(citation omitted).

**3.** The ALJ's decision to discount the opinions of Camarena's medical providers was supported by both substantial evidence and the law.

The ALJ provided "specific and legitimate reasons" for discounting the portions of Dr. Peterson's opinion that relied on Camarena's Global Assessment of Functioning (GAF) scores, including that GAF scores may vary and are "not designed for adjudicative determinations." *Lester*, 81 F.3d at 830-31; *see also Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014) (acknowledging the limitations of GAF scores). The ALJ provided "germane reasons" for discounting Advanced Practice Registered Nurse Wetherelt's opinions on Camarena's employability, including that the opinion was outside the area of the nurse's expertise and was inconsistent with the claimant's demonstrated ability to work. *See Dale*, 823 F.3d at 943.

3

**4.** The ALJ's decision to discount Camarena's testimony was supported by "sufficiently specific" findings and the ALJ "did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citation omitted). Camarena contends that she has been disabled, and therefore unable to work, since August 8, 2013. In 2015, she testified that she "mostly [had] bad [days]" with her hands and was often unable to wash her own hair because holding her arms up was painful. In 2019, she testified that her condition had worsened. However, Camarena admitted that she was working around 20 hours per week at various points since 2013, and that despite her worsening condition, her work hours have only changed "maybe a couple hours here or there." Camarena's work history contradicted her testimony regarding her physical limitations and provided a non-arbitrary ground on which the ALJ could discredit her testimony. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled, and here [Plaintiff's] own testimony established that she was able to work occasional eight-hour shifts.") (citation omitted).

**5.** The ALJ's hypothetical to the vocational expert incorporated all of Camarena's impairments that were supported by the record. *See Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1987), *as corrected* (upholding the ALJ's

determination when the "hypotheticals presented by the ALJ . . . were supported by substantial medical evidence found in the record").

**AFFIRMED.**