NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY JAMES,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    21-35586

D.C. No. 3:20-cv-05649-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted April 15, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and BOLTON,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Anthony James appeals the decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income for a period beginning on January 31, 2013. Applying the five-step disability analysis, the Administrative Law Judge (ALJ) found that James was not disabled during the relevant period, and the district court affirmed. James appeals, arguing that the ALJ failed to adequately account for his vision limitations in the residual function capacity (RFC) because the ALJ left out the word "occasional" with respect to his ability to read small print.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quotation marks omitted) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (quoting *Burch v. Barnhart*, 400

F.3d 676, 679 (9th Cir. 2005)).  The ALJ's evidentiary orders are reviewed for an abuse of discretion.  *See, e.g.*, *Smith v. Berryhill*, 139 S.Ct. 1765, n. 19 (2019); Ford, 950 F.3d at 1154 ("An ALJ's denial of a subpoena is reviewed for abuse of discretion.").

James forfeited the argument that the ALJ failed to adequately account for his vision limitations in the RFC.  He failed to make a specific assignment of error regarding this issue in his brief before the district court, and he failed to adequately explain how the RFC erred in addressing his vision limitations.  Indeed, he mentioned his vision only twice in his district court brief.  And he made no reference to the RFC's reference to standard-sized print.

It is a general rule that this court will not entertain arguments that were not presented or developed before the district court.  *J. K. J. v. City of San Diego*, 17 F.4th 1247, 1261 (9th Cir. 2021); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (applying this rule in a social security case).  "[N]o 'bright line rule' exists to determine whether a matter has been properly raised below.  'A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it.'"  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (quoting *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)).

In the alternative, we find the ALJ's decision was based on substantial evidence. The Commissioner's regulations provide a five-step process for disability analysis. *See* 20 C.F.R. § 416.920. Our analysis is limited to the RFC—completed between steps three and four—and step five in this case.

Before moving to step four, the ALJ must determine the claimant's RFC, which is the most a claimant can do considering his impairments and limitations. 20 C.F.R. §§ 416.920(a)(4), (e); 416.945. The ALJ determined that "the claimant . . . must have the option for large print instructions or other job tasks that require reading, but no work involving fine details . . . can read in normal size print that is larger than telephone book print (like a typewriter, also described as 12pt font-same font as the notices in the mail the claimant received directing him to the hearing)." James contends, and the government concedes, that this RFC omits the limitation that reading normal size print can only be "occasional." But the error is harmless because "it is inconsequential to the ultimate nondisability determination." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cleaned up).

Where an ALJ fails to include a credited limitation in the RFC, the error is harmless if that limitation would not preclude peformance of the jobs identified in step four or five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

2008).   While not included in the RFC, the limitation was included in the vocational expert's recommendation.  The ALJ informed the expert that James would be able to read short bursts of normal size print.  The vocational expert testified that James could do the job of grain-picker, merchandise marker, and parking lot attendant—the latter two only requiring short bursts of reading normal-sized prints.  The limited reading requirements are compatible with the assessment that James could not read normal-sized font constantly.

James also contends that there is insufficient foundation to support the vocational expert's conclusions because the expert could not provide sufficient definition of "normal-sized print."  But the vocational expert was able to provide sufficient detail by reference to the notices that James received regarding the hearing.  The ALJ made the finding that the Notice to Appear uses a 12-point font, and he defined "standard-sized print" as "normal size print that is bigger than telephone book print . . . also described as 12pt font."  Thus, James's argument that the vocational expert's testimony was too vague to serve as the foundation for the RFC fails on the merits.

**AFFIRMED**.