**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLIE J. PEEBLES, | No.   22-35841 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05892-SKV |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted August 25, 2023**
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Nellie Peebles appeals the district court's order affirming an Administrative

Law Judge's (ALJ) denial of her claim for Social Security disability benefits. We

have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision

_____

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo and may only overturn the ALJ's decision if it is not supported by substantial evidence or based on legal error. *See Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

1. The ALJ found persuasive the opinions of Dr. Linda Lindman and Dr. Sushil Sethi and found not persuasive the medical findings from state agency consultants Dr. Eugene Kester and Dr. Howard Platter. Under the applicable regulations, the agency is only required to articulate "how persuasive it finds all of the medical opinions from each doctor or other source, and explain how it considered the supportability and consistency factors in reaching th[o]se findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (cleaned up); *see* 20 C.F.R. § 404.1520c(b). Substantial evidence supports the ALJ's conclusion that the opinions of Dr. Lindman and Dr. Sethi were "consistent with the majority of the medical record, which did not reflect significant limitations in functioning."[1] Peebles provides a list of medical providers whose clinical findings she argues are inconsistent with the opinions of Dr. Lindman and Dr. Sethi. But she does not explain what portions of the findings are inconsistent, and we do not identify any inconsistencies.

---

[1] Peebles argues for the first time in her reply brief that the opinions lacked supportability, but arguments raised for the first time in a reply brief are forfeited. *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("Because we do not consider issues raised for the first time in reply briefs, we deem this late-raised argument forfeited.").

Substantial evidence also supports the ALJ's conclusion that the findings from Dr. Kester and Dr. Platter were "not consistent with the current medical records," including the medical opinions of Dr. Lindman and Dr. Sethi. Although Peebles argues that the findings from Dr. Kester and Dr. Platter were "more consistent" with the record than other findings the ALJ found persuasive, her argument misconstrues the relevant standard of review. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

2. Substantial evidence supports the ALJ's discounting of Peebles's testimony regarding the severity and extent of her limitations. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony," the ALJ may "weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). But the ALJ must offer "'specific, clear, and convincing reasons for doing so.'" *Id*. at 494 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). The ALJ here reasonably contrasted Peebles's stated use of assistive devices for mobility with the lack of objective medical evidence that such devices were prescribed or otherwise medically necessary. Additionally, Peebles "alleged an inability to perform work activity due to impaired vision," but, as the ALJ noted, had already undergone surgery for her glaucoma, "did not wear glasses," and "watched television."

Finally, Peebles's lack of visits to a mental health counselor supports the ALJ's conclusion that she "did not experience significant [mental health] limitations." Ultimately, "the ALJ's rationale is clear enough that it has the power to convince."[2] *Id*. at 499.

3. Because the "lay witness testimony" of Peebles's husband did "not describe any limitations not already described by the claimant," the ALJ did not commit prejudicial error by discounting it. *Molina*, 674 F.3d at 1117. The ALJ's "well-supported reasons for rejecting" Peebles's testimony "apply equally well to the lay witness testimony." *Id*.

4. Finally, because substantial evidence supports the ALJ's discounting of "the limitations described by Peebles and Peebles['s husband]," substantial evidence also supports the ALJ's residual functional capacity assessment.

**AFFIRMED.**

---

[2] It is true that, as Peebles argues, the ALJ was required to "mak[e] specific findings" relating to the question whether she engages in daily activities involving skills that could be transferred to the workplace. *Burch*, 400 F.3d at 681. Even assuming that the ALJ failed to do so here, any error was harmless because the ALJ provided other valid reasons to discount Peebles's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).