NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHANEL MORENO,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.   22-36031

D.C. No. 3:22-cv-05173-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted December 4, 2023[**]
Seattle, Washington

Before:  N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Appellant Chanel Moreno seeks review of a district court order affirming a

decision by an Administrative Law Judge ("ALJ") denying Moreno's application

for Period of Disability and Disability Insurance benefits.  We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review the district court's order affirming the ALJ's denial of benefits de novo, and will not overturn the denial "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We affirm.

When determining whether a claimant is eligible for benefits, an ALJ need not take every medical opinion at "face value." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Instead, the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to give each opinion. *Id.* ALJs look to a number of factors, with a specific focus on whether the explanation supports the opinion and whether the opinion is consistent with the other evidence on the record. 20 C.F.R. § 404.1520c(a)–(c).[1] "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

1.     Substantial evidence supports the ALJ's decision to discredit Dr. Brown's pre-surgery handling opinion as unsupported and inconsistent. To start, Dr. Brown's handling opinion is inconsistent with his own treatment notes, which indicate that, before surgery, Moreno's hands appeared normal and that she had

---

[1] Because Moreno applied for benefits after March 27, 2017, the ALJ's evaluation of the medical opinion evidence was governed by 20 C.F.R. § 404.1520c.

2

average grip strength and no obvious joint swelling. It is also at odds with other record evidence showing that, before surgery, Moreno disclaimed any tingling or weakness in her hands, and that Moreno had 4/5 grip strength and could make a fist, touch her thumb and fingertips, and pick up a coin.

2. Substantial evidence supports the ALJ's decision to discredit three aspects of Dr. Henegan's opinion as unsupported and inconsistent. To start, Dr. Henegan's reaching opinion is not supported by his own exam notes that show that Moreno could reach to take her shoes on and off and that Moreno had normal muscle bulk and tone in her arms. Similarly, Dr. Henegan's standing/walking opinion conflicts with record evidence that shows that Moreno does not have difficulties with her lower extremities. Additionally, Dr. Henegan's stooping opinion is inconsistent with evidence that shows that Moreno only has mild-to-moderate back abnormalities.

3. Substantial evidence supports the ALJ's decision to discredit four aspects of Dr. Porter's opinion because they are unsupported and inconsistent. To start, Dr. Porter's off-task and attendance opinions are unsupported and inconsistent. Dr. Porter expressed her off-task and attendance opinions by checking boxes on a form. She did not offer further explanation for the opinions she expressed, which cuts against supportability. *See Ford*, 950 F.3d at 1155. Additionally, Dr. Porter's attendance and off-task opinions are at odds with the

3

longitudinal record, which shows that Moreno was able to complete solitary activities like grocery shopping and laundry, and displayed basic cognitive capabilities including: memory, command of current events, concentration, calculations, abstract thinking, and judgment.

Dr. Porter's handling and reaching opinions are also unsupported and inconsistent. Dr. Porter expressed her handling and reaching opinions by filling in blanks on the functional assessment form, but did not provide any elaboration. Dr. Porter's opinions are also at odds with other record evidence. For example, Dr. Porter's handling opinion is inconsistent with one of her earlier notes indicating that Moreno's "[h]ands appear normal [bilaterally with] no obvious joint swelling or erythema" and with "[n]ormal grip" strength. Similarly, Dr. Porter's overhead reaching opinion is at odds with other evidence showing that Moreno had normal strength in her arms, a full range of motion in her joints, and normal muscle bulk and tone.

4. Substantial evidence supports the ALJ's decision to discredit aspects of Dr. Fisher's opinion as unsupported and inconsistent. Like Dr. Porter, Dr. Fisher did little to explain her opinions beyond filling out the physical functional assessment check-box form, which cuts against supportability, *Ford*, 950 F.3d at 1155. Dr. Fisher's opinions are also inconsistent with the longitudinal record. Dr. Fisher's off-task and attendance opinions are inconsistent for the same reasons that

4

Dr. Porter's off-task and attendance opinions are inconsistent. Further, Dr. Fisher's stooping opinion conflicts with evidence that shows that Moreno only has mild-to-moderate back abnormalities, and that Moreno's back was improving with physical therapy and medication.

5. Substantial evidence supports the ALJ's decision to discredit portions of Dr. Gibson's testimony because they are unsupported and inconsistent with the record. Dr. Gibson's attendance opinion is inconsistent for the same reasons that Dr. Porter's attendance opinion is inconsistent. Additionally, Dr. Gibson's stress opinion is at odds with his own exam notes, which indicate that Moreno handled the stress of the examination well, save for some nervousness and mild agitation. It is also inconsistent with evidence indicating that Moreno functioned relatively well in spite of her depression and anxiety.

**AFFIRMED**.