NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCELLINA M. MACARTHUR,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   23-35050

D.C. No. 3:22-cv-05282-MLP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted December 6, 2023**
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Appellant Marcellina M. MacArthur seeks review of a district court order

affirming a decision by an Administrative Law Judge ("ALJ") denying MacArthur

for a Period of Disability and Disability Insurance Benefits, and for Supplemental

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Income ("SSI").  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order affirming the ALJ's denial of benefits *de novo*, and will not overturn the denial "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).  We affirm.

When determining eligibility for benefits, an "ALJ must consider all medical opinion evidence."[1] *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)).  An ALJ is not required to take all medical opinions at face value, and may properly reject a contradicted medical opinion by setting forth "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended) (internal quotation marks omitted).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[2] *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

---

[1] Because MacArthur applied for benefits prior to March 27, 2017, the revised regulations regarding the evaluation of medical opinions do not apply.  *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

[2] MacArthur's bare contention that the ALJ did not properly evaluate the findings and opinion of Dr. Nagaraj is not supported by argument.  We therefore deem the contention forfeited.  *See Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir. 1986).

1.     The ALJ gave specific and legitimate reasons for discounting Dr. Morgan's mental health opinion from September 2015. The ALJ found Dr. Morgan's observations of marked limitations, depressed mood and limited recall were inconsistent with the opinions of other mental health examiners, Dr. Alvord and Dr. Ryan, who noted unimpaired memory and concentration, normal affect, and appropriate interactions. The ALJ also noted MacArthur's normal presentation in many other medical appointments, and her ability to take college classes and keep a regular schedule. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir.1999) (inconsistencies between a physician's opinion and a claimant's daily activities can be a specific and legitimate reason to discount the treating physician's opinion). The ALJ found that Dr. Morgan's opinion was also inconsistent with evidence of MacArthur's improvement under a routine and conservative course of mental health treatment. Substantial evidence in the record supports the ALJ's specific findings.

2.     The ALJ gave specific and legitimate reasons for its partial rejection of Dr. Alvord's mental health opinion of "mild-moderate impairment in adaptive functioning," finding this conclusion internally inconsistent with the observation that MacArthur had no mental health treatment, normal concentration and memory, and only mild difficulties with activities of daily living. *See id.* at 603 (internal inconsistencies within a physician's report are relevant evidence in determining the

3

weight of a medical opinion).  The ALJ also found Dr. Alvord's opinion inconsistent with other observations of normal memory and concentration, a routine and conservative course of treatment, and her ability to maintain a daily schedule.

3.      The ALJ's decision to give Dr. Ryan's mental health opinion "some but less than great weight" is supported by specific and legitimate reasons based on substantial evidence in the record.  The ALJ's decision to discount Dr. Ryan's functional adaptive limitation as vague is supported by clear and legitimate reasons found in the record.  *See* 20 C.F.R. § 404.1520b(b) (ambiguous evidence is considered inconsistent).  The ALJ found Dr. Ryan's schedule limitation inconsistent with MacArthur's "report of getting good grades in college classes, and her work activity in 2016-2021, which suggest that her mental symptoms cause little interference in maintaining a daily or weekly schedule."  *See Morgan*, 169 F.3d at 600-02.  The ALJ did not err in finding that MacArthur's ability to engage in activities like school and work was inconsistent with Dr. Ryan's schedule limitation.

4.      The ALJ did not err in not addressing Dr. Brzusek's June 2010 evaluation of MacArthur's workplace compensation claim.  Dr. Brzusek's findings are consistent with the ALJ's residual functional capacity ("RFC") determination that MacArthur was limited to slower-pace, sedentary work.  Nor did the ALJ err

4

in discounting the opinion of vocational rehabilitation counselor Ms. Smith. An ALJ may discount lay witness opinion evidence by providing "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal quotation marks and citation omitted). The ALJ provided germane reasons for discounting Ms. Smith's opinion based on inconsistencies with record evidence of limited pain behavior observations, largely normal strength, improved headache and migraine symptoms, conservative treatment, lack of behavioral difficulties, and ability to take college classes and work.

5.      The ALJ provided clear and convincing reasons for discounting MacArthur's subjective testimony regarding the intensity, persistence, and limiting effects of her alleged debilitating pain related to her fibromyalgia and neuropathy. The ALJ found that the objective medical evidence did not support MacArthur's claims and was inconsistent with allegations of disabling limitations. MacArthur's conditions improved with a routine and conservative course of treatment, and her ability to maintain a college schedule and daily activities were inconsistent with her alleged limitations. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony").

The ALJ carefully reviewed MacArthur's treatment history post-surgeries and her overall improvement and pain management. Although MacArthur did not

seek a referral to a fibromyalgia specialist until 2013, Dr. Pfeiffer found in 2011 that she had only mild to moderate issues with this impairment, even without medication. MacArthur also noted improvement in her condition when she did take medication after 2013. While this improvement was not uniform, she was able to maintain a regular work and class schedule during the period of claimed disability. Further, the ALJ did not discount MacArthur's testimony in full, and accounted for her physical and mental limitations in the RFC. *See id.* at 1163.

**AFFIRMED.**