**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA J. SLAYTON, | No. 22-16883 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03551-TSH |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted February 12, 2024**
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Debra Slayton appeals from the district court's order affirming the

Commissioner of Social Security's denial of her application for disability benefits

under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

We review the district court's decision de novo and will overturn the decision of the administrative law judge (ALJ) only if it is unsupported by substantial evidence or was based on legal error. *See Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

The ALJ followed the Social Security Administration's five-step sequential evaluation process to determine if Slayton is disabled. *See* 20 C.F.R. § 404.1520. At step four, the ALJ found that Slayton has the residual functional capacity (RFC) to perform some of her past work and is thus not disabled.

1. Slayton argues that the ALJ unreasonably gave "little weight" to the medical opinions of her treating physician, Dr. Jennifer Haggerty, and her pain management specialist, Dr. Felicia Radu. The ALJ "is charged with determining credibility and resolving . . . conflict[s]" between medical evidence. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). We find error when an ALJ "does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Dr. Haggerty opined that Slayton could sit and stand for only 15 minutes at a time and for less than one hour total in an eight-hour workday. She also opined that Slayton could only rarely lift 10 pounds and could never lift 20 pounds or more,

2

and that she could rarely climb ladders, crouch, or squat. And she opined that Slayton would likely be absent from work more than four days per month. But her opinion was contradicted by those of examining orthopedist Dr. Omar Bayne and state agency medical consultant Dr. H.M. Estrin. Dr. Bayne found that Slayton could stand and walk for four hours in an eight-hour workday; that she could carry 10 pounds frequently and 20 pounds occasionally; and that while there were limitations to Slayton's movement, she should nonetheless be able to work in any environment except those with unprotected heights. Dr. Estrin's opinion was similar, and she also found that Slayton would have postural limitations at work.

The ALJ reasonably gave little weight to Dr. Haggerty's opinion because it was inconsistent with both the overall objective medical evidence in the record and evidence showing that Slayton received only minimal treatment and easily conducted day-to-day activities. Slayton's 2018 lumbar spine MRI showed only mild degenerative changes since 2016. The record also shows that Slayton's treatment consisted mostly of physical therapy, acupuncture, and medications like ibuprofen and gabapentin. And it shows that Slayton competently performed personal grooming and household tasks.

Although Dr. Haggerty's opinion was not simply a check-box form, substantial evidence supports the ALJ's statement that the opinion was "largely conclusory with little or nothing in the way of explanation, rationale, or objective

3

support for the extreme limitations it imposes." And because it is proper to give more weight to medical opinions that are consistent with the record as a whole, it was within the ALJ's province to grant more weight to Dr. Bayne and Dr. Estrin's opinions and less to Dr. Haggerty's. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Radu opined that Slayton could return to work with restrictions, including no overhead work; limited lifting, pulling, and pushing; and a five-to-ten-minute break every 50 or 60 minutes. The ALJ "properly discounted" Dr. Radu's opinions, however, because her assessment relied largely on Slayton's own subjective statements. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ also permissibly found that Dr. Radu's opinion, like Dr. Haggerty's, was "contradicted by the objective medical evidence," clashed with the medical opinions of Drs. Bayne and Estrin, and was at odds with Slayton's history of "consistently and repeatedly normal neurological examinations."

2. Slayton next argues that the ALJ improperly rejected her subjective pain testimony. In evaluating this kind of testimony, an ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting

4

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If so, the ALJ "can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036).

The ALJ properly evaluated Slayton's testimony and provided clear and convincing reasons for discounting it. The ALJ carefully considered the objective medical evidence and found that Slayton's allegations of disabling symptoms were inconsistent with that evidence. And the ALJ reasonably found that evidence of Slayton's ability to conduct daily activities and conservative treatment detracted from her subjective claims of disability. *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (finding that a claimant's daily activities suggested that his "claims about the severity of his limitations were exaggerated"); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (explaining that evidence of conservative treatment "is sufficient to discount a claimant's testimony regarding severity of an impairment"). Because the ALJ provided clear and convincing reasons for discounting Slayton's subjective testimony that are supported by substantial evidence, we uphold that decision. *See Smartt v. Kijakazi*, 53 F.4th 489, 499–500 (9th Cir. 2022).

3. Finally, Slayton argues that the ALJ's step-four finding is not supported by substantial evidence. This argument is derivative of her argument that the ALJ

improperly discounted her testimony and the opinions of Drs. Haggerty and Radu, and it fails for the same reasons. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**