**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER LYNN STEIN, | No. 23-16115 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00141-JJT |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted July 9, 2024**
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Plaintiff-Appellant Heather Lynn Stein appeals the district court's order

affirming a decision by an administrative law judge ("ALJ") denying Stein

disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

COA

district court's order affirming the ALJ's denial of benefits de novo, and we will not reverse the decision "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We affirm.

1.	Substantial evidence supports the ALJ's decision finding Nurse Practitioner Heidi Pence's medical opinion unpersuasive. An ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to give each. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). ALJs consider a number of factors, with a specific focus on whether the medical provider's explanation supports the opinion and whether the opinion is consistent with the other record evidence. 20 C.F.R. § 404.1520c(a), (c). The ALJ must "articulate . . . how persuasive" they find "all of the medical opinions" from each provider, and "explain how [they] considered the supportability and consistency factors" in reaching those findings. *Id.* § 404.1520c(b). In the end, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Substantial evidence supports the ALJ's conclusion that Pence's sedation opinion is not supported by her own treatment notes and is inconsistent with treatment notes from other providers. To start, Pence's sedation opinion is in

conflict with many of Pence's own treatment records, which indicate that Stein was rested and/or that her sleeping was within normal limits. It is also at odds with Pence's records indicating that Stein did not experience side effects from her medications. Pence's sedation opinion is also inconsistent with treatment notes from other providers indicating that Stein did not feel sedated. Additionally, that Pence expressed her sedation opinion on a check-box form without further explanation bolsters the ALJ's decision not to credit the opinion. *See Ford*, 950 F.3d at 1155.

Substantial evidence also supports the ALJ's conclusion that Pence's limitations opinions are inconsistent with Stein's mental status examinations and overall course of treatment. Pence's limitations opinion is inconsistent with treatment notes from other providers indicating that Stein was generally alert and calm and that she had normal mood, affect, and behavior. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (determining that substantial evidence supported an ALJ's decision to discredit a mental health opinion where that opinion was inconsistent with evidence showing the claimant was "engaged, alert[,] and oriented"). Pence's limitations opinions are also inconsistent with record evidence showing that Stein denied feeling depressed or anxious, and reported that her mental health issues were controlled by medication. They are

also in conflict with record evidence showing that Stein's medications made Stein's mental health problems more manageable.

2.     Substantial evidence also supports the ALJ's decision not to credit portions of Stein's symptoms testimony. An ALJ must "engage[] in a two-step analysis to determine whether to credit a claimant's testimony regarding pain or symptoms." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). First, the ALJ "determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If the claimant makes that showing, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). On review, the question "isn't whether [the reviewing] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ's rationale has the power to convince. *See Smartt*, 53 F.4th at 499. Many aspects of Stein's symptoms testimony were inconsistent with objective medical evidence. As the ALJ noted, Stein's testimony about her difficulties walking was in conflict with treatment records showing that Stein had normal strength and mobility in her extremities. Similarly, Stein's testimony about

her brain fog and inability to focus was at odds with evidence showing her mental faculties. Stein's testimony was also inconsistent with the fact that her mental health treatment plan was not especially aggressive. *See* 20 C.F.R. § 404.1529(c)(3)(v). An ALJ need only accept a claimant's symptoms testimony that "can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* § 404.1529(c)(4); *see also Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). And that is what the ALJ did here: She identified the inconsistencies between Stein's testimony and the record evidence and then rejected Stein's symptoms testimony to the extent that it was not supported by the record.

**AFFIRMED.**