**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CAROL ANN LUTHER,
*Plaintiff-Appellant,*

v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,
*Defendant-Appellee.*

No. 16-55987

D.C. No.
2:15-cv-03356-
JLS-JEM

OPINION

Appeal from the United States District Court
For the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Filed June 4, 2018

Before: Marsha S. Berzon and Jay S. Bybee, Circuit
Judges, and Sharon L. Gleason,[*] District Judge.

Opinion by Judge Gleason

---

[*] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

## SUMMARY[**]

### Social Security

The panel reversed the district court's judgment that affirmed the administrative law judge's denial of a claimant's application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act.

As an initial matter, the panel held that the Appeals Council's reasoning for denying review is not considered on subsequent judicial review, and turned to the reasoning provided by the ALJ in her decision.

The panel held that the ALJ erred in not adequately addressing claimant's 100% Veterans Affairs ("VA") disability rating in her decision. The panel held that although the ALJ noted claimant's VA disability rating at the hearing and in her written decision, she did not address how she had considered and weighed the VA's rating or articulate any reasons for rejecting it. The panel held that remand for further proceedings was appropriate where it was unclear from the record whether the ALJ would be required to find claimant disabled after evaluating the VA disability rating.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Erika Bailey Drake (argued) and Roger D. Drake, Drake & Drake P.C., Calabasas, California, for Plaintiff-Appellant.

Tina L. Naicker (argued), Special Assistant United States Attorney; Deborah L. Stachel, Acting Regional Chief Counsel, Region IX; Sandra R. Brown, Acting United States Attorney; Social Security Administration, San Francisco, California; for Defendant-Appellee.

**OPINION**

GLEASON, District Judge:

Carol Ann Luther appeals the district court's judgment affirming the administrative law judge ("ALJ")'s denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and supplemental security income ("SSI") under Title XVI of the Act. We hold that the ALJ erred in not adequately addressing Luther's 100% Veterans Affairs ("VA") disability rating in her decision. We reverse and remand for further proceedings consistent with this opinion.

**BACKGROUND**

On February 27, 2013, Luther filed an application for DIB and SSI. She sought these benefits due to her post-traumatic stress disorder ("PTSD") and degenerative disc disease. At that time, she claimed a disability onset date of December 28, 2012. In December 2013, the VA concluded that Luther was 100 percent disabled for PTSD, 30 percent disabled for

urinary tract infection, and 10 percent disabled for degenerative disc disease of the lumbar spine, for an overall rating of 100% disabled, effective December 6, 2012. Luther provided only the first two pages of the total five pages of the VA's rating decision to the ALJ.

On October 27, 2014, the ALJ conducted a hearing. At the beginning of the hearing, the parties briefly discussed the VA disability rating. Luther amended her social security disability onset date to correspond with the December 6, 2012 effective date of her VA rating. The ALJ then stated, "One hundred percent disability VA has no bearing. It's something we consider—."

In a decision dated December 3, 2014, the ALJ found that Luther was not disabled. The decision contained only two limited references to the VA rating. First, under the "Jurisdiction and Procedural History" section it states, "The claimant was awarded 100% VA disability commencing December 6, 2012. At the hearing, the claimant amended her onset date to December 6, 2012 to correspond with the onset of her VA disability award." The second reference, later in the decision, states, "At the hearing, the claimant amended her onset date to December 6, 2012, which is the date she was awarded VA disability."

Luther requested the Appeals Council review the ALJ's decision. There, she argued that the ALJ erred by failing to provide a "specific, valid, record-based rationale to not give the VA ratings great weight."

On March 10, 2015, the Appeals Council denied Luther's request for review. The Council found "[t]he record that was before the Administrative Law Judge was sufficient to

evaluate [Luther's] disability status under the Social Security Regulations." The Council observed that the ALJ had the benefit of extensive medical records, including records that had not been provided to the VA. The Appeals Council also stated that the VA disability rating was based on the same symptoms "appropriately considered by the [ALJ] . . . under applicable Social Security Regulations." The Council found that "[e]ven if the 'Evidence' and 'Reasons For Decision' identified [by the VA] . . . were sufficient to support a VA service connected disability rating of 100% due to PTSD, they were/are not sufficient to support a finding of disability under Social Security Regulations."

Shortly after receiving the Appeals Council decision, Luther asked the Council to reopen her case. She submitted "an entire copy of the [VA's] rating decision" to the Appeals Council, which included three additional pages of the VA's analysis that had not been previously provided to the ALJ or to the Appeals Council. The record does not contain any response by the Appeals Council. Nor does the administrative record contain these additional pages.

On May 5, 2015, Ms. Luther appealed to the Central District of California.  The district court adopted the magistrate judge's findings and recommendations, affirming the agency's decision. On appeal to this court, Luther asserts that the ALJ erred in not giving great weight to the VA disability rating, rejecting the opinions from Luther's treating physicians, and discrediting Luther's subjective complaints. She seeks a remand for the calculation of benefits or alternatively a remand for further proceedings. Because we reverse and remand as to the VA disability rating, we do not address Luther's other arguments.

## STANDARD OF REVIEW

A district court's order affirming an ALJ's denial of benefits is reviewed *de novo*. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). A decision by the Commissioner to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)). "Substantial evidence is 'more than a mere scintilla,' but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (citation omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the agency's determination, a reviewing court considers the evidence in its entirety, weighing both the evidence that supports and that detracts from the ALJ's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A reviewing court may only consider the reasons provided by the ALJ in the disability determination and "may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

### I.

Luther asserts that the district court erred in relying on the Appeals Council's discussion of the VA rating because the Appeals Council denied Luther's request for review. The magistrate judge acknowledged "[t]his Court has no

jurisdiction to review the decision of the Appeals Council denying review." But the magistrate judge nonetheless discussed the Council's reasoning in denying review and relied on that analysis in his decision. Luther maintains that when undertaking judicial review of a Social Security disability determination, a reviewing court cannot rely on the reasons that the Appeals Council set forth when it denied review.

The Commissioner maintains that a reviewing court "must look to the Appeals Council's explanation of its refusal to grant Claimant's request." For that proposition, the Commissioner relies on *Ramirez v. Shalala*, 8 F.3d 1449 (9th Cir. 1993). In *Ramirez*, additional medical evidence was submitted to the Appeals Council that had not been provided to the ALJ. *Id.* at 1451. The Appeals Council then denied review. *Id.* On appeal, we held the additional evidence should be considered by a reviewing court:

> [A]lthough the Appeals Council "declined to review" the decision of the ALJ, it reached its ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to "provide a basis for changing the hearing decision." For these reasons we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council.

*Id.* at 1452; *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231–32 (9th Cir. 2011) (holding that a reviewing court may review additional evidence submitted to

and rejected by the Appeals Council, but may not review an Appeals Council decision denying a request for review); *Harman v. Apfel*, 211 F.3d 1172, 1179–80 (9th Cir. 2000). *Ramirez* did not address whether the *reasoning* of the Appeals Council in denying review should be considered by a reviewing court. Instead, we focused on whether the additional *evidence* submitted to the Appeals Council was included in the record to the reviewing court. In Luther's case, no additional evidence was added to the administrative record by the Appeals Council; therefore, *Ramirez* does not apply.

Here, the Appeals Council denied Luther's request for review, making the ALJ's decision the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if . . . the Council denies the request for review, the ALJ's opinion becomes the final decision."); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012) ("When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence, based on the record as a whole. . . .") (citations and internal quotation marks omitted)); *Taylor*, 659 F.3d at 1231 ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."). Therefore, the Appeals Council's reasoning for denying review is not considered on subsequent judicial

review.[1] We turn to the reasoning provided by the ALJ in her decision.

## II.

Luther asserts "[t]he ALJ erred by not providing persuasive, valid, and specific reasons for discounting Ms. Luther's VA rating." The Commissioner responds that the ALJ "specifically acknowledged that the VA found Claimant 100% disabled."

"[T]he ALJ must consider the VA's finding in reaching his decision and the ALJ must ordinarily give great weight to a VA determination of disability." *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011) (internal quotation marks omitted) (quoting *McCartey*, 298 F.3d at 1076). We have found great weight to be ordinarily warranted "because of the marked similarity between these two federal disability programs." *McCartey*, 298 F.3d at 1076. However, a VA rating is not conclusive and "does not necessarily compel the SSA to reach an identical result." *McLeod*, 640 F.3d at 886. An ALJ may give less weight to a VA rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (quoting *McCartey*, 298 F.3d at 1076).

---

[1] The Appeals Council decision would not alter our reasoning in this case even if it was properly a subject of our review. The Appeals Council did not explain why the evidence supporting the VA disability rating was insufficient for an award under Social Security Regulations, much less consider the "great weight" ordinarily accorded VA ratings. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

In *McCartey*, the VA determined that McCartey was 80 percent disabled due to his depression and lower back injury. 298 F.3d at 1076. The ALJ "did not mention [the VA rating] in his opinion." *Id.* We held "that the ALJ erred in disregarding McCartey's VA disability rating, and accordingly, the Commissioner's decision must be reversed and remanded." *Id.*; *see also Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (reversing ALJ who relied solely on VA's 2001 proposed rating changes and disregarded VA's 1998 decision and 2002 decision that rejected 2001 proposed changes).

In *Valentine*, the claimant had an initial VA disability rating of 30 percent. 574 F.3d at 688. While his case was pending before the ALJ, the VA increased his disability rating to 100 percent. *Id.* at 689. The ALJ discussed the revised VA rating in her decision and provided two reasons for rejecting that rating. *Id.* at 695. First, the ALJ stated that "[w]hile the VA unemployability rating resembles the Social Security disability standard in some respects, the non-critical decision made by the VA Decision Review Officer . . . was not an unemployability assessment." *Id.* Second, the ALJ stated that the VA rating "was not based on a comprehensive evaluation of the evidence available to the undersigned [ALJ]." *Id.* On appeal, we found the first reason for rejecting the VA rating invalid under *McCartey*, noting that an ALJ must consider a VA rating due to "the marked similarity" between both programs. *Id.* But as to the second reason, we held that the ALJ was "justified in rejecting the VA's disability rating on the basis that [the ALJ] had evidence the VA did not, which undermined the evidence the VA did have." *Id.*

In this case, although the ALJ noted Luther's VA disability rating at the hearing and in her written decision, she

did not address how she had considered and weighed the VA's rating or articulate any reasons for rejecting it. To the contrary, the ALJ stated, "It doesn't matter. It's 100 percent. . . . One hundred percent disability VA has no bearing. It's something we consider—." The ALJ did not discuss the rating in her evaluation of the medical evidence and instead merely acknowledged it in two short portions of her decision.[2] Simply mentioning the existence of a VA rating in the ALJ's decision is not enough. The ALJ erred because she did not give great weight to the VA disability rating and did not provide any persuasive, specific, and valid reasons for rejecting it.

## III.

"Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Taylor*, 659 F.3d at 1235 (citing *Vazquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). In this case, the ALJ failed to explain the consideration she gave to the VA disability rating, if any. And it is unclear from the record whether the ALJ would be required to find Luther disabled after evaluating the VA disability rating. "We note that, on remand, the ALJ is not

---

[2] The ALJ also did not discuss the VA's conclusion that Luther's urinary tract infection and degenerative disc disease were service-connected disabilities and failed to develop the record by asking Luther questions pertaining to these other conditions. Luther had listed degenerative disc disease as a disability on her Social Security application. *See Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) ("[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.").

compelled to adopt the conclusions of the VA's decisions wholesale, but if she deviates from final VA decisions, she may do so based only on contrary evidence that is 'persuasive, specific, valid' and supported by the record." *Hiler*, 687 F.3d at 1212 (quoting *McCartey*, 298 F.3d at 1076).

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's decision affirming the Commissioner's decision and **REMAND** with instructions to the district court to remand this case to the Commissioner for further proceedings consistent with this opinion.