NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMIE JOSEPHINE BRUYER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   22-15621

D.C. No. 2:20-cv-01574-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted July 11, 2023
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Amie Bruyer appeals from the district court's affirmance of the Social

Security Administration's (the Agency's) decision denying Social Security

Disability Insurance (SSDI) benefits.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we reverse and remand.

An Administrative Law Judge (ALJ) determined that Bruyer suffers from

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

severe medical impairments including fibromyalgia, osteoarthritis, vestibulopathy, dizziness, and migraines. But the ALJ found that Bruyer had the residual functional capacity (RFC) "to perform a reduced range of sedentary work," and thus was ineligible for SSDI. *See* 20 C.F.R. § 404.1567(a). As relevant to this appeal, the ALJ discounted the medical opinion of two of Bruyer's treating physicians and Bruyer's subjective symptom testimony. The district court affirmed.

We review the district court's decision affirming denial of SSDI benefits de novo. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). Applying the same standard used by the district court, we will reverse an ALJ's decision denying benefits only if it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "In reviewing the [ALJ's] determination, a reviewing court considers the evidence in its entirety, weighing both the evidence that supports and that detracts from the ALJ's conclusion." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We "may only consider the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she] did not rely." *Id.* (internal quotation marks and citation omitted).

When a treating physician's opinion is contradicted by the record, an ALJ must "provide specific and legitimate reasons" for discounting it "that are

2

supported by substantial evidence." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).[1] An ALJ meets this standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal quotation marks and citation omitted).[2] And when, as here, an ALJ finds that a claimant suffers from an underlying medical impairment that could reasonably be expected to produce the symptoms alleged and there is no evidence of malingering, the ALJ may reject the claimant's subjective testimony only "by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). Specifically, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal quotation marks and citation omitted).

    1. The ALJ did not provide "specific and legitimate reasons" for

---

[1] It is unclear whether the ALJ believed the medical opinions at issue were contradicted by the record. When the opinion of a treating physician is uncontradicted, the ALJ must provide "clear and convincing reasons" for rejecting it. *Coleman*, 979 F.3d at 756. But Bruyer prevails even under the more deferential "specific and legitimate reasons" standard.

[2] The Agency changed its regulations regarding when an ALJ may discount or reject certain medical evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (2017). But Bruyer's claim was filed before these changes took effect in March 2017, so the new guidelines do not apply.

discounting the opinion of Bruyer's rheumatologist, Dr. Ramin Sabahi. Although the ALJ described Dr. Sabahi's records as "limited," she did not note or apparently weigh the fact that Dr. Sabahi saw Bruyer at least a dozen times between 2015 and 2018 or that Dr. Sabahi specializes in rheumatology, which is relevant to Bruyer's fibromyalgia diagnosis. *See Trevizo*, 871 F.3d at 675–76 (finding that an ALJ erred in discounting the opinion of a treating physician by in part failing to discuss "the length of the treating relationship, the frequency of examination, [and] the nature and extent of the treatment relationship"). Moreover, while the ALJ noted portions of Dr. Sabahi's treatment notes that support the ALJ's determination, other portions of his notes are to the contrary. For example, Dr. Sabahi's notes from the day he completed his RFC evaluation report many instances of Bruyer's pain and other symptoms consistent with Bruyer's impairments. *See Garrison v. Colvin*, 759 F.3d 995, 1012–14 (9th Cir. 2014) (ALJ erred by "ignor[ing] most of [the doctor's] treatment records"). The ALJ cited no objective medical evidence that expressly undermines or contradicts Dr. Sabahi's RFC opinion. *See Trevizo*, 871 F.3d at 677.

2. The ALJ also did not provide "specific and legitimate reasons" for discounting the opinion of Bruyer's neurologist, Dr. Jason Reinhart. Again, the ALJ did not note or apparently weigh Dr. Reinhart's relevant specialty or the fact that Dr. Reinhart saw Bruyer least five times between 2018 and 2019. *Trevizo*, 871

4

F.3d at 675–76. And contrary to the ALJ's characterization, Dr. Reinhart's notes (in addition to records from other providers) do reflect consistent reports of headaches and dizziness. *See Garrison*, 759 F.3d at 1012–14. Although the ALJ is correct that Dr. Reinhart found that Bruyer's dizziness improved with physical therapy, Dr. Reinhart's RFC determination was based on Bruyer's fibromyalgia, headaches, *and* dizziness. Thus, improvement in one symptom area is insufficient to discount Dr. Reinhart's entire RFC opinion. *See Orn*, 495 F.3d at 634 ("Consistency [in a doctor's records] does not require similarity in findings over time despite a claimant's evolving medical status."). And the ALJ cited no medical evidence that specifically undermines or contradicts Dr. Reinhart's RFC opinion. *See Trevizo*, 871 F.3d at 677.[3]

3. The ALJ did not provide "specific, clear and convincing reasons" for discounting Bruyer's subjective symptom testimony. The ALJ identified no specific portions of Bruyer's testimony that she discounted.[4] And although the

---

[3] The government contends in part that the ALJ was entitled to discount Dr. Sabahi's and Dr. Reinhart's RFC opinions because they took the form of "check-box" reports. First, the ALJ did not expressly make this finding. But even if she had, an ALJ may not discount a treating physician's opinion simply because it appears in a "check-box" report. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017).

[4] For example, the ALJ did not discuss Bruyer's testimony that she would need to lay down for about two hours during a typical workday, which would render her unemployable according to independent testimony from a vocational expert.

ALJ provided a general summary of the medical evidence, she did not connect this evidence to Bruyer's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (ALJ erred by, as here, "simply stat[ing] her non-credibility conclusion and then summariz[ing] the medical evidence supporting her RFC determination"); *Ghanim*, 763 F.3d at 1163.

4. The ALJ's errors were not harmless because to the extent the opinions and testimony discussed above are credited, they could demonstrate that Bruyer does not have the RFC necessary to obtain gainful employment, and thus would be eligible for SSDI benefits. *See Lingenfelter*, 504 F.3d at 1041. However, because "the record raises crucial questions about the extent to which [Bruyer's] pain and accompanying symptoms render her disabled," we reverse the district court's decision and remand with instructions to remand to the Agency for further proceedings consistent with this opinion on an open record. *Brown-Hunter*, 806 F.3d at 495-96.

**REVERSED and REMANDED.**