**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIDNEY DICKSON LANIER, | No. 22-35831 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00277-MC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 22, 2023[**]
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Sidney Lanier appeals the district court's order affirming the denial by an

Administrative Law Judge ("ALJ") of his claim for Social Security disability

benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's decision de novo. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We may overturn the ALJ's decision only if it is not supported by substantial evidence or is based on legal error. *Id.*

Substantial evidence supports the ALJ's determination that Lanier's testimony about the severity of his symptoms was "not entirely consistent with the record." An ALJ can only reject a claimant's symptom testimony by "offering specific, clear and convincing reasons." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ may consider inconsistencies between the claimant's testimony vis-à-vis his work record; his conduct; his daily activities; and testimony from physicians and third parties concerning the nature, severity, and effect of his symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ noted that Lanier engaged in substantial gainful activity "for several years," even once his symptoms allegedly got worse, and appropriately referenced Lanier's hearing testimony. Lanier had testified that he kept working on his business until 2016, despite his alleged disability window starting in 2015. The ALJ also noted how Lanier's activities after shutting his business down were inconsistent with his symptom testimony. Lanier had been a caretaker for his terminally ill brother for several months; there were only "a few times" when Lanier could not get to his brother "right away." Lanier worked part-time repairing motorcycles. The ALJ rationally found and articulated "clear and convincing reasons" why Lanier's

activities after his alleged disability undermined his subjective complaints. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (performing yardwork and occasional childcare could contradict claims of impaired ability to persist with tasks).

The ALJ also did not err in discounting Lanier's subjective testimony because it was inconsistent with objective medical evidence in the record. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Although Lanier claimed disabling back pain, his spinal imaging showed only "mild" abnormalities. Upon examination, he displayed normal gait, intact strength and speed, and full range of motion. The ALJ reasonably considered Dr. Henderson's opinion—which concluded that "[n]o functional limitations can be recommended" for Lanier's gastrointestinal symptoms—because it was uncontradicted by any other medical opinion in the record. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017).

Because the ALJ's "rationale is clear enough that it has the power to convince," *Smartt*, 53 F.4th at 499, we affirm the ALJ's determination.

Lanier also challenges the ALJ's residual functional capacity ("RFC") and step-five findings due to alleged omissions in the ALJ's instructions to the vocational expert. But a claimant disputing the completeness of an ALJ's hypothetical for the vocational expert's input may be "simply restat[ing] her argument that the ALJ's RFC finding did not account for all of her limitations because the ALJ improperly

3

discounted her testimony and the testimony of medical experts." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Because we find that the ALJ did not improperly discount Lanier's testimony and properly credited the testimony of medical experts, Lanier's challenge to the ALJ's hypothetical fails.

**AFFIRMED.**