NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY ANN LUFT, | No. 23-35613 |
| Plaintiff-Appellant, | D.C. No. 6:22-cv-00515-HZ |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted September 9, 2024[**]
San Francisco, California

Before: BEA and MENDOZA, Circuit Judges, and M. FITZGERALD,[***] District Judge.

Plaintiff-Appellant Wendy Ann Luft appeals the district court's order

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

affirming a decision by an administrative law judge ("ALJ") denying Luft

disability benefits and supplemental security income. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's order affirming the

ALJ's denial of benefits, and we will not reverse the decision "unless it is either

not supported by substantial evidence or is based upon legal error." *Luther v.*

*Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We affirm.

1. Substantial evidence supports the ALJ's decision to discredit the

medical opinion offered by Luft's therapist, Holly Moore Lohmann. When

evaluating medical opinions, ALJs consider a number of factors, but focus

especially on whether a medical provider's explanation supports the opinion and

whether the opinion is consistent with the other record evidence. 20 C.F.R.

§ 404.1520c(a), (c). The ALJ must "articulate . . . how persuasive" he finds "all of

the medical opinions" from each provider, and "explain how [he] considered the

supportability and consistency factors" in reaching these findings. C.F.R.

§ 404.1520c(b).

Substantial evidence supports the ALJ's decision not to credit Lohmann's

opinion. Lohmann did not adequately support her opinion. *See* 20 C.F.R.

§ 404.1520c(c)(1). Instead, she expressed it on a check-box form without

providing meaningful explanation, which undercuts her opinion's persuasive value.

*See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (explaining that an ALJ can

fairly reject opinions expressed on check-box forms where the forms do not reflect further explanation). Lohmann's opinions are also inconsistent with the longitudinal record. *See* 20 C.F.R. § 404.1520c(c)(2). For example, Lohmann's Category III limitations opinions are at odds with record evidence demonstrating that Luft's psychological functioning was average. Similarly, Lohmann's Category II limitations opinions conflict with record evidence demonstrating that Luft had relatively normal mood and affect. Lohmann's opinions are also inconsistent with record evidence demonstrating that Luft's psychological and behavioral symptoms improved with treatment.

2.      Substantial evidence also supports the ALJ's decision not to credit certain aspects of Luft's symptoms testimony. When considering a claimant's symptoms testimony, an ALJ must "engage[] in a two-step analysis to determine whether to credit a claimant's testimony regarding pain or symptoms." *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021). First the ALJ "determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged." *Id.* If the claimant makes that showing, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). On review, the question

3

"isn't whether [the reviewing] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ's rationale has the power to convince because Luft's testimony regarding the severity of her physical and mental limitations is inconsistent with objective medical evidence. To start, Luft's testimony about the severity of her back pain is inconsistent with treatment records indicating that Luft had reported that her back pain varied in intensity, and with evidence demonstrating that medication and physical therapy helped her back pain. Similarly, Luft's testimony about her inability to sit or stand for long periods is at odds with treatment records demonstrating that she had only minor issues with her back and spine, and with her relatively modest course of treatment, *see* 20 C.F.R. § 404.1529(c)(3)(v). Additionally, her testimony about her inability to lift is at odds with medical records demonstrating that she could occasionally lift up to twenty pounds. Similarly, Luft's testimony about her mental health limitations conflicts with record evidence demonstrating that Luft had normal mood, affect, memory, attitude, thought processing, and concentration, and with medical records demonstrating that her mental health symptoms improved with therapy and medication.

3. Luft argues that the ALJ erred in declining to articulate its reasoning regarding her parents' lay opinions. We have yet to explain an ALJ's obligation to articulate his evaluation of a lay witness opinion under 20 C.F.R. § 404.1520c(d). We decline to do so today because any error in the ALJ's failure to articulate its reasoning regarding Luft's parents' opinions was harmless. Indeed, Luft's parents' opinions were largely duplicative of Luft's testimony. Because their opinions do "not describe any limitations not already described by" Luft herself, "the ALJ's well-supported reasons for rejecting [Luft's] testimony apply equally well to" her parents' opinions. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

4. Finally, the ALJ did not err at step five of the sequential evaluation process. An ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (quoting *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001)). In other words, if an ALJ finds that some limitation opinion is not supported by substantial evidence, the ALJ need not bake that limitation into his hypothetical questions. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023). And that is what happened here. The ALJ correctly rejected aspects of Luft's and Luft's parents' limitations opinions and properly declined to incorporate those limitations into his hypothetical questions to the vocational expert.

**AFFIRMED.**

5