NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINA KAY STANTON,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No. 23-35474

D.C. No. 3:22-cv-05858-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted September 13, 2024**
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF,*** District
Judge.

Claimant Christina Stanton appeals the district court's decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Commissioner of Social Security's denial of claimant's application for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo. We will not reverse the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We affirm.

1. Stanton argues that the ALJ erroneously discounted the opinions of her treating physicians, Doctors Budwey, Wheeler, Petaja, and Faber. An ALJ must assess the persuasiveness of the relevant medical opinions and explain how she considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b) (effective Mar. 27, 2017). As to all four physicians, the ALJ sufficiently explained her analysis, and her conclusions are supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022).

The ALJ appropriately discounted Dr. Budwey's opinion that Stanton has marked limitations in mental functioning because it was inconsistent with the medical evidence in the record, including specific treatment notes and objective findings indicating that Stanton's "mental health conditions are stable and managed effectively despite inconsistent engagement in treatment." *See id.* at 792–93 (affirming the ALJ's rejection of a medical opinion that was inconsistent with treatment notes and objective findings); *Ghanim v. Colvin*, 763 F.3d 1154, 1162

2

(9th Cir. 2014) (discussing medical opinions that are based on self-reports).

The ALJ discounted Dr. Petaja's opinion affirming Dr. Budwey's opinion for the same reasons that she discounted Dr. Budwey's opinion. Because we conclude that the ALJ's conclusion as to Dr. Budwey's opinion was supported by substantial evidence, we reach the same conclusion for Dr. Petaja.

The ALJ appropriately found unpersuasive the portion of Dr. Wheeler's opinion about marked limitations in mental functioning because it conflicted with evidence that Stanton inconsistently sought treatment for her mental health and treatment notes indicating "intact memory and concentration."

The ALJ appropriately discounted Dr. Faber's opinion regarding Stanton's mental health functioning after he stopped treating her in 2019. Additionally, the ALJ did not err in finding that Dr. Faber's opinion was inconsistent with specific treatment notes and other evidence regarding Stanton's ability to babysit her grandchildren, manage her activities of daily living independently, and engage in various social activities with family and friends.

2. Stanton also argues that the ALJ erred by discounting her symptom testimony. Under the circumstances, the ALJ was required to give "specific, clear and convincing reasons" for discounting Stanton's testimony about the severity of her symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). Here, the ALJ explained

that Stanton's symptom testimony was inconsistent with the objective medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ described how Stanton's claimed limitations were inconsistent with her various activities, such as babysitting her grandchildren, performing household chores, and undertaking tasks in public. In addition, the ALJ reasonably concluded that Stanton's mental health symptoms flare with situational stressors, but that her "mental health conditions are otherwise stable and managed effectively with inconsistent mental health treatment." We conclude that the ALJ gave sufficient reasons supported by substantial evidence to discount Stanton's subjective symptom testimony.

**AFFIRMED.**