NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEZOC MARTINEZ,

       Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of Social Security,

       Defendant - Appellee.

No. 24-4520

D.C. No.
4:23-cv-05073-MKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted August 12, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Tezoc Emilio Martinez appeals from the district court order affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits. Undertaking a required reevaluation of Martinez's child disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination, *see* 42 U.S.C. 1382c(a)(3)(H)(iii) and 20 C.F.R. § 416.987, an administrative law judge ("ALJ") concluded that Martinez no longer qualified for disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's order. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). However, we may not overturn the final decision of the Commissioner "unless it is either not supported by substantial evidence or is based upon legal error." *Id.* (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)). We affirm.

Martinez first contends that the ALJ erred in evaluating three medical opinions by Drs. Orr, Rubin, and Borton. For claims filed before March 27, 2017, as this one was, the ALJ must determine how to evaluate all the submitted medical opinions, duly considering the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. § 416.927(c). Substantial evidence supports the ALJ's approach to each of the medical opinions in question.

With regard to Dr. Orr's opinion, the ALJ cited inconsistencies and ambiguities in the assessments: (1) that Martinez would "have difficulty with sophisticated social communication," where Dr. Orr did not define "sophisticated social communication" and described Martinez as "cooperative and friendly" throughout the evaluation; and (2) that Martinez would need to have information

"repeated frequently," even though his performance on medical testing indicated only slight memory problems. These explanations constitute sufficiently "specific and legitimate reasons" for discounting controverted parts of Dr. Orr's medical opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

The ALJ also adequately explained the assignment of "some weight" to Dr. Rubin's opinion. Martinez offers no reason to fault the ALJ's finding that Martinez had "moderate limitations in concentration, persistence, and pace—not mild as Dr. Rubin described." Here, again, the ALJ cited to "evidence of concentration difficulties during both consultative examinations," which constituted "specific and legitimate" reasons for partially discounting this aspect of Dr. Rubin's opinion. *Ryan*, 528 F.3d at 1198.

Finally, Martinez contends that the ALJ failed to incorporate Dr. Borton's assessed limitations into his residual functional capacity ("RFC"). An "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). However, Martinez's argument fails because Dr. Borton's medical opinions about the need for reinstruction and redirection are entirely consistent with the non-exertional limitations identified in the ALJ's RFC. An RFC that articulates a capacity "to perform simple, routine, repetitive tasks" adequately reflects medical

opinions identifying mild and moderate mental limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2009) (citing *Howard v. Masssanari*, 255 F.3d 577, 582 (8th Cir. 2001)).

Next, substantial evidence supports the ALJ's determination that Martinez's impairments did not meet or medically equal any of the per se disabling criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Martinez did not "present medical findings equal in severity to *all* the criteria for the . . . most similar listed impairment[s]." *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). For listing 12.05 (intellectual disorder), his most recent full-scale IQ score of 76 is above the threshold of 75. 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05B. For listing 12.11 (neurodevelopmental disorders), the ALJ found and adequately explained that Martinez had moderate and mild limitations in the enumerated areas of mental functioning—not "extreme" or "marked," as is required to meet the listing. 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.11B.

Substantial evidence also supports the ALJ's determination that the record did not fully corroborate Martinez's subjective symptom testimony about suffering "brain fog" due to side effects from his medication. The ALJ offered sufficiently "specific, clear and convincing reasons" for making this credibility assessment, *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v.*

*Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)), when she noted (1) that brain fog is not a known side effect of either Adderall or Metformin, (2) that there were no emergency room records or complaints about brain fog, and (3) that an emergency room physician would not likely advise Martinez to stop taking these medications to avoid these side effects.

Lastly, Martinez's demand for further limitations on his RFC and a finding of disability at step five of the sequential evaluation process fails. This challenge depends entirely upon accepting his other arguments on appeal, and as previously discussed, the ALJ did not improperly evaluate the medical opinion evidence in determining Martinez's RFC. Because substantial evidence supports the limitations from the RFC in the hypothetical posed to the vocational expert, the ALJ committed no error in finding Martinez not disabled.

**AFFIRMED.**