NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTIN CARSWELL, | No. 24-7248 |
| Plaintiff - Appellant, | D.C. No. |
| v. | 2:23-cv-03037-DMG-JPR |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 5, 2026**
Pasadena, California

Before: WARDLAW, DE ALBA, and TUNG, Circuit Judges.

Kristin Carswell appeals a district court order upholding the denial of Social

Security disability benefits by an administrative law judge (ALJ). We have

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and will not overturn the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)).

Carswell argues that the ALJ erroneously discounted her subjective symptom testimony. Where, as here, "a claimant presents objective medical evidence establishing an impairment 'that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons.'" *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008)). This standard "requires an ALJ to show his work" by identifying a "rationale" for rejecting the claimant's testimony that "is clear enough that it has the power to convince." *Id.* at 499. The ALJ did so in this case.

With respect to Appellant's "statements about the intensity, persistence, and limiting effects of his or her symptoms," the ALJ found that, "[a]lthough [Carswell] reports difficulty [amb]ulating, severe pain, and days in which she is unable to do anything, her medical records indicate infrequent complaints of any kind, aside from a September 2018 report of shakiness and April 2020 report of tingling sensation and dizziness." Further, "[h]er physical examinations were generally normal, indicating no neurological deficits or musculoskeletal pain." Appellant "suffered 2

seizures in 2018, but the condition appears to be managed well with medication." The ALJ also noted that Appellant "testified that she has not required steroid injections in the last 8 months, only oral steroids, which suggests that her condition is stable." This analysis provides us with a "rationale" that is "clear enough that it has the power to convince." *See Smartt*, 53 F.4th at 499. Thus, the ALJ did not err in rejecting Appellant's subjective symptom testimony.

Appellant also argues that the ALJ erred by using Appellant's daily activities testimony to discredit her subjective symptom testimony. But, as the district court correctly held, the ALJ did not rely on Appellant's daily activities testimony at all to discount her subjective symptom testimony and thus was not required to address it. An ALJ is not required to "perform a line-by-line exegesis of the claimant's testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[T]he ALJ's analysis need not be extensive."). Rather, "the ALJ must identify the specific testimony that he discredited and explain the evidence undermining it." *Lambert*, 980 F.3d at 1268. As explained above, the ALJ did so here.

**AFFIRMED.**