NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY HILL,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,<br><br>    Defendant - Appellee. | No. 25-1060<br><br>D.C. No.<br>2:24-cv-01246-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 4, 2026[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Kelly Hill appeals the district court's decision affirming the Commissioner of

Social Security's denial of her application for Child's Insurance Benefits and

Supplemental Security Income under Titles II and XVI of the Social Security Act.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision "de novo, and we will not overturn the Commissioner's decision 'unless it is either not supported by substantial evidence or is based upon legal error.'" *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The Administrative Law Judge's (ALJ) evaluations of the medical reports were supported by substantial evidence.  "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.  The ALJ summarized the physicians' opinions and reports and assessed any inconsistencies with the record.  The ALJ appropriately acknowledged all relevant medical testimony and provided specific reasons, supported by substantial evidence, explaining how persuasive it found each opinion.  *See id.* at 792–93 (holding that substantial evidence supported the ALJ's finding that a doctor's "opinion [was] unpersuasive because it was inconsistent with the overall treating notes and mental status exams in the record").

2.    The ALJ also articulated clear and convincing reasons for rejecting Hill's symptom testimony.  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The ALJ compared the testimony to Hill's prior conflicting statements, including her prior report that she had only "'some' social anxiety and mild depression."  The

ALJ further described inconsistencies between Hill's testimony and the medical record, including observations by treating physicians that Hill was "cooperative," "pleasant," "had good eye contact," "normal speech," "average intelligence," and a "logical thought process." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Finally, the ALJ reasoned that Hill's allegations were undermined by her daily activities, such as regularly shopping and going to restaurants. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (reviewing factors that an ALJ must consider, including "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). Because the ALJ described in detail Hill's own testimony and compared it to her contrary statements, inconsistencies in the medical record, and Hill's daily activities, the ALJ adequately "show[ed] his work" in discounting Hill's testimony. *Smartt*, 53 F.4th at 499.

3. The ALJ's detailed analysis of Hill's symptom testimony also renders harmless any error in not providing an explanation for rejecting the lay witness testimony. The testimony of the lay witnesses substantially mirrored Hill's testimony about her symptoms, which the ALJ discussed at length and rejected based on clear and convincing reasons supported by the record. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (holding that the ALJ's failure to provide reasons

for rejecting lay testimony was harmless error because "the lay testimony described the same limitations as [Claimant's] own testimony" and "the ALJ's reasons for rejecting [Claimant's] testimony apply with equal force to the lay testimony").

4.    Finally, there was no error in the ALJ's use of a hypothetical.  The ALJ posed a hypothetical to the vocational expert that accurately reflected Hill's limitations and was supported by the record.  The ALJ noted that the hypothetical individual was "limited to simple repetitive tasks" and "cannot work in a high production assembly line type job."  The ALJ did not err in subsequently relying on the vocational expert's response that there was work in the national economy for such an individual, including as a kitchen helper or a cleaner.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**