**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATRINA LE ANNE COPE,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,<br><br>        Defendant - Appellee. | No. 25-2337<br><br>D.C. No.<br>3:24-cv-05513-MLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted April 23, 2026[**]
Seattle, Washington

Before: MURGUIA, Chief Judge, W. FLETCHER and KOH, Circuit Judges.

Katrina Le Anne Cope ("Cope") appeals the district court's decision

affirming the Commissioner of Social Security's denial of her application for

Supplemental Security Income under Title XVI of the Social Security Act, 42

U.S.C. § 1382c(a)(3). We review the district court's decision "de novo, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

will not overturn the Commissioner's decision 'unless it is either not supported by substantial evidence or is based upon legal error.'" *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The ALJ articulated clear and convincing reasons for rejecting Cope's symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Here, the ALJ considered Cope's testimony that she had severe pain, depression, anxiety, and PTSD symptoms that precluded her from working, interacting with others, and performing daily activities outside her home. Although the ALJ found that Cope's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the ALJ declined to fully credit Cope's testimony because it was inconsistent with the other evidence in the record.

The ALJ described inconsistencies between Cope's testimony and the objective medical evidence, noting that imaging and physical examinations showed only mild to moderate abnormalities and "unremarkable" findings, and that during examinations, "despite [Cope's] complaints, she was often observed in no acute distress, or looked well and comfortable." The ALJ further noted that Cope's treatment remained conservative and appeared effective, "although she was not always compliant with taking prescribed medication."

The ALJ also found that Cope's subjective complaints were inconsistent

with her improvement over time and her recent activity level. As to Cope's improvement over time, the ALJ noted that Cope had "variability in [her] symptoms" but "demonstrated significant improvement in 2023." The ALJ described Cope's progression of symptoms from May 2020 through May 2023, which was interspersed with addiction to drugs.

Cope's activities that demonstrated improvement over time included Cope's caretaking for her mother, which included taking her mother to Seattle for treatment; Cope's work and volunteer activities, as evidenced by Cope's report "that she was very busy performing volunteer work with the Salvation Army up to 40 hours per week," "worked for a number of months as a clerical assistant with Habitat for Humanity up to 20 hours per week," and "at times . . . was able to use public transportation"; and Cope's social activities, which included going to karaoke, socializing at the senior center starting in June 2023, and walking with friends two or three times each week in August 2023.

Because the ALJ identified specific testimony she found not credible and explained the evidence undermining it, the ALJ adequately "show[ed] h[er] work" to assure the reviewing court that she did not arbitrarily discredit Cope's testimony. *Smartt*, 53 F.4th at 499; *see also Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

3                                           25-2337

2.     The ALJ's evaluations of the medical opinions were supported by substantial evidence. The ALJ must evaluate each medical opinion for supportability and consistency.  *See* 20 C.F.R. § 416.920c(a)–(c); *Woods*, 32 F.4th at 792.  The ALJ acknowledged that the opinions of examining psychologists Dr. Hartinger and Dr. Weiss, and psychiatric nurse practitioner ("PMHNP") Junker, were supported by their examinations, but found them unpersuasive because the opinions were inconsistent with other medical opinions and evidence in the record.

The ALJ's finding that Dr. Hartinger's opinion was unpersuasive is supported by substantial evidence.  The ALJ found Dr. Hartinger's opinion unpersuasive because it was inconsistent with Dr. Monis's opinion, noting that "Dr. Monis pointed out that Dr. Hartinger's findings were inconsistent with the other medical evidence in the file, likely because [Cope] was in early remission from substance use at the time of the examination."  The ALJ also pointed out that Dr. Hartinger's opinion that Cope faced marked limitations was inconsistent with Cope's recent increased activity level.

The ALJ's rejection of Dr. Weiss's and NP Junker's opinions is similarly supported by substantial evidence.  The ALJ explained that Dr. Weiss's finding on Cope's limitations was inconsistent with Dr. Monis's opinion and with Cope's activity levels, ability to participate in the suboxone program on a regular basis, and ability to manage her household.  Finally, the ALJ explained that NP Junker's

opinion that Cope could not adapt to workplace stressors and could not interact with others was inconsistent with Cope's ability to manage her household, "interact with others at church, socialize at the senior center, and spend time with friends," and was also inconsistent with Dr. Monis's opinion.

We have held that such explanations as the ALJ provided in each instance above are supported by substantial evidence. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming ALJ's rejection of a medical opinion because the claimant's "'significant' daily activities . . . undermined [the medical opinion] that [claimant] suffers from extreme limitations rendering her unable to function in each of the assessed categories"); *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (holding that "[a] conflict between a treating physician's opinion and a claimant's activity level" supports rejection of the physician's opinion (citation omitted)); *Woods*, 32 F.4th at 793 (affirming finding of inconsistency between a medical opinion and other medical evidence).

Substantial evidence also supports the ALJ's conclusions that the opinions of advanced registered nurse practitioner ("ARNP") Warrior, physician assistant-certified ("PA-C") Gonzalez, and doctor of osteopathic medicine ("D.O.") Conway regarding Cope's physical limitations were unpersuasive.

The ALJ concluded that ARNP Warrior's opinion was contradicted by ARNP Warrior's conclusion that Cope's "gait was normal," as well as Cope's

"imaging studies, improvement in the ramus fracture, and conservative treatment for hip and spine pain."  The ALJ assessed Cope's history of treatment and stated that these records showed "only mild to moderate abnormalities," were "unremarkable," and also showed "unremarkable" examinations.  This conclusion is supported by substantial evidence.  *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (affirming the ALJ's finding that an opinion was unpersuasive because it was inconsistent with the medical source's own clinical findings); *see also Woods*, 32 F.4th at 792-93.

The ALJ concluded that PA-C Gonzalez's opinion was not persuasive because PA-C Gonzalez relied upon "subjective" evidence, such as "subjective weakness, pain avoidance behavior, and abnormal perception of stimulus," but PA-C Gonzalez "acknowledged that the evidence did not contain strong evidence of neurological or musculoskeletal dysfunction other than" that subjective evidence. The ALJ also rejected PA-C Gonzalez's opinion because the "treatment notes and imaging studies are not consistent with a 2-4 hour standing and walking limitation," the "environmental limitations" were also "not consistent with these records," and the "evidence does not show a need for an overhead reaching limitation based on cervical spine imaging and normal right shoulder x-rays."  The ALJ's conclusion is supported by substantial evidence.  *See Woods*, 32 F.4th at 793.

25-2337

The ALJ also found D.O. Conway's opinion unpersuasive. D.O. Conway concluded that Cope could do "sedentary work and could not do work that involved overhead reaching or squatting" for 12 months. The ALJ correctly determined that D.O. Conway's conclusion that Cope was limited "to sedentary work" was unpersuasive because conclusions as to Cope's "residual functional capacity," rather than "descriptions about functional abilities and limitations," are "reserved to the Commissioner." The ALJ also noted that D.O. Conway's "reaching limitation" and conclusion that Cope could not do any squatting was inconsistent with Cope's treatment scans and notes, "although limiting some postural activities is necessary." This conclusion from the ALJ is also supported by substantial evidence. *See Woods*, 32 F.4th at 793; *Ford*, 950 F.3d at 1154 ("If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

To the extent Cope contends that "other medical evidence" contradicts the ALJ's findings, she provides only a bare list of observations from other medical providers and asserts without argument that these other observations contradict the ALJ's reasons for rejecting certain medical opinions and for making a residual functional capacity finding that Cope could perform light work. Because Cope does not argue these points beyond "bare assertion[s]" of error, they are waived.

*See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

3.     The ALJ provided germane reasons for rejecting the function report of Ruth Zimmerman, Cope's friend.  It is appropriate for the ALJ to reject testimony from a lay observer who "knows little about a claimant's functional capacity," as long as the ALJ "explain[s] such ignorance in the individual case."  *See Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  The ALJ did so here, observing that Zimmerman had known Cope for only about a year and did not know what Cope did "from morning until night," and that Zimmerman's report was inconsistent with Cope's improvement and increased activity level.  To the extent the ALJ erred by not addressing SSA Interviewer Buhrmann's observation that Cope had difficulty concentrating during a phone call, any such error was harmless because the ALJ nevertheless found that Cope had moderate difficulties with concentration and limited her to simple work. *See Stout v. Comm'r,* 454 F.3d 1050, 1055 (9th Cir. 2006) ("We have also affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.").

4.     Finally, Cope's challenge to the ALJ's residual functional capacity assessment and the resulting disability finding fails because it rests entirely on the premise that the ALJ improperly rejected the disputed medical opinions, Cope's testimony, and the non-medical testimony—arguments we have rejected above.

*See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**