NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW MORROW, | No. 24-3711 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00642-MTL |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted June 2, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.
Partial concurrence and partial dissent by Judge KOH.

Plaintiff-Appellant Matthew Morrow appeals a district court order upholding

the denial of Social Security disability benefits by an administrative law judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ALJ"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and will not overturn the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)). We affirm.

1. Morrow claims that the ALJ erroneously rejected the opinions of his primary care physician, Jospeh Alia, D.O. In support of Morrow's application, Dr. Alia submitted two two-page form assessments opining that Morrow cannot sit and stand for the duration of an eight-hour workday and that he must take frequent rest breaks—resting for about 10 to 15 minutes every 45 minutes.

To reject a medical opinion, an ALJ must provide "an explanation supported by substantial evidence" that "'articulate[s] . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source" and that "'explain[s] how [he] considered the supportability and consistency factors' in reaching [his] findings." *Woods*, 32 F.4th at 792 (first quoting 20 C.F.R. § 404.1520c(b); and then quoting *id.* § 404.1520c(b)(2)). Here, the ALJ did so.

First, the ALJ addressed supportability, finding that Dr. Alia's opinions regarding Morrow's physical limitations are not supported by his own examination findings because his examination findings "do not demonstrate [discomfort] with sitting for prolonged periods, gait instability, or reduced strength of the bilateral

2                                                                    24-3711

lower extremities." To this end, the ALJ cited medical records by Dr. Alia that do not include any abnormal examination findings regarding Morrow's ability to sit, his gait, or his lower extremities and that also include normal examination findings regarding Morrow's range of motion and strength in his lower extremities. Given the severity of the limitations assessed by Dr. Alia, substantial evidence supports the ALJ's finding that Dr. Alia's opinions are not supported by his treatment records.

Second, the ALJ addressed consistency, including by reviewing the opinions of the other medical professionals—none of whom reached the same conclusion as Dr. Alia that Morrow is "limited to significantly less than sedentary work." In particular, the ALJ found the opinions of Robert Gordon, D.O.—that Morrow can sit for four hours and stand or walk for four hours in an eight-hour workday—to be better supported, because those opinions were consistent with Dr. Gordon's examinations and with "the majority of treatment examinations, which generally demonstrate normal physical functioning, but which also note some limitations in range of motion in the claimant's spine." Substantial evidence also supports this finding.

Accordingly, the ALJ did not err in rejecting Dr. Alia's opinions. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1106-08 (9th Cir. 2024) (holding substantial evidence supported ALJ's rejection of medical opinion as "unsupported by

24-3711

objective findings" and "inconsistent with the opinions of [other doctors]" where the source of the medical opinion had filled out a form without "referenc[ing] any specific objective findings to support the extreme . . . limitations he assessed").

2. Morrow also claims that the ALJ erroneously rejected his symptom testimony. Morrow testified that he has difficulty sitting and standing for prolonged periods and that he needs to take frequent breaks to lay down flat and rest for 15 minutes to two hours at a time and for a total of two to six hours a day.

Where, as here, "a claimant presents objective medical evidence establishing an impairment 'that could reasonably produce the symptoms of which [he] complains, an adverse credibility finding must be based on clear and convincing reasons.'" *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008)). This standard "requires an ALJ to show his work" by identifying a "rationale" for rejecting the claimant's testimony that "is clear enough that it has the power to convince." *Id.* at 499. The ALJ did so in this case.

In his decision, the ALJ first observed that Morrow had alleged limitations affecting his ability to sit, stand, and walk, and then found that Morrow's allegations of "disabling pain and limitations" were inconsistent with the record.[1]

---

[1] Although the ALJ's decision cites "a function report and an exertional activities questionnaire" that Morrow had submitted in support of his application

In support of this finding, the ALJ chronologically reviewed the medical records, identifying examination findings inconsistent with the extent of Morrow's alleged sitting, standing, and walking limitations. Specifically, the ALJ cited examination findings that Morrow has normal or only somewhat reduced range of motion and strength in his lower extremities, including as reflected in primary care records, physical therapy records, and emergency room records.

Notably, the ALJ recognized that Morrow does have limitations in his ability to stand, walk, and sit, which the ALJ incorporated into his residual functional capacity finding that Morrow can sit for six hours a day and stand and walk for three hours a day. But the ALJ ultimately determined that Morrow's allegations of even greater limitations were inconsistent with the foregoing examination findings in Morrow's medical records. That rationale is "clear enough that it has the power to convince," *id.*, and the ALJ therefore did not err in rejecting Morrow's symptom testimony.[2]

**AFFIRMED.**

---

rather than the transcript from the hearing, Morrow's allegations in those documents are consistent with his hearing testimony.

[2]    Unlike *Lambert v. Saul*, the ALJ here did not simply "provide a relatively detailed overview of [the claimant's] medical history." 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ went further and specifically identified examination findings inconsistent with Morrow's allegations of extreme limitations on his ability to sit, stand, and walk.



*Morrow v. Bisignano*, No. 24-3711

KOH, J., concurring in part and dissenting in part:

I respectfully dissent in part.[1] "To satisfy the substantial evidence standard, the [Administrative Law Judge ("ALJ")] must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). I would hold that the ALJ legally erred because the ALJ failed "to articulate sufficient reasons for refusing to credit [Morrow's] testimony about the severity of his medical condition." *Lambert v. Saul*, 980 F.3d 1266, 1268 (9th Cir. 2020).

The ALJ made generic statements that Morrow's allegations "concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record" and that Morrow's "allegations of disabling pain and limitations are out of proportion with the record." The ALJ then provided a summary of Morrow's medical records without any analysis of the medical records. As Judge Bress explained in *Lambert*, even if similar "boilerplate statements" are combined with "a relatively detailed overview of [the claimant's] medical history," that is insufficient to reject a

---

[1] I concur that the ALJ did not err in rejecting Dr. Alia's opinions.

1

claimant's testimony, because "providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible."  *Lambert*, 980 F.3d at 1277, 1278 (cleaned up).

The majority states that the ALJ "specifically identified examination findings inconsistent with Morrow's allegations of extreme limitations on his ability to sit, stand, and walk." Respectfully, I see no such reasoning in the ALJ's opinion. Several of the ALJ's statements support Morrow's allegations because the ALJ noted abnormal physical examination findings alongside normal examination findings without explaining why the normal examination findings are inconsistent with Morrow's allegations. Moreover, the ALJ never "expressly and specifically stated" which of Morrow's alleged symptoms was "inconsistent with any particular record evidence, as it was required to do." *Ferguson*, F.4th at 1200-01 (9th Cir. 2024) (holding that the ALJ erred where it referenced normal examination findings but failed to specify how those findings were inconsistent with the symptom testimony).

"Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert*, 980 F.3d at 1277. "But our precedents plainly required the ALJ to do more than was done here[.]" *Id.* I would therefore vacate the district court's

2

judgment and remand with instructions to return this case to the ALJ for further

proceedings. *See id.* at 1278 (remanding under similar circumstances).