**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MICHAEL R. ROMKEMA,

      Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 24-5688

D.C. No.
8:23-cv-00832-JC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Submitted November 20, 2025[**]
Pasadena, California

Before: WARDLAW, N.R. SMITH, and MILLER, Circuit Judges.

Michael Romkema appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for Social Security

disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision de novo and will not overturn the denial of disability benefits "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

1. Romkema argues that he is entitled to a remand because he submitted "significant and probative" evidence to the Appeals Council showing that the vocational expert's total jobs-numbers estimate was wrong. *Wischmann v. Kijakazi*, 68 F.4th 498, 505–06 (9th Cir. 2023).

We assume without deciding that Romkema's printouts from Job Browser Pro are probative evidence of jobs numbers. *See Wischmann,* 68 F.4th at 507; *White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022). We agree with the district court, however, that the evidence is not significant. Romkema's own figures, discounted by 50 percent for Romkema's standing and walking limitation, show that Romkema could perform 72,969 jobs in the national economy. Romkema does not dispute that this number of jobs reflects substantial work available in the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 jobs nationwide constitutes substantial work, though it is a "close call").

2. The ALJ did not err in accepting the vocational expert's estimate of retail-marker positions. Romkema contends that the estimate of 120,000 retail-marker

positions must be significantly reduced. Romkema bases his argument on a printout from Occu Collect reporting survey results derived from O*Net, which he uses to identify the percentages of stocker-and-filler jobs with "no customer service interaction" (6 percent), and "no teamwork" (4 percent). He argues that after applying a Bureau of Labor Statistics "methodology for reducing occupational estimates to comply with specific requirements," there are only 164 retail-marker jobs in the national economy that he could perform.

Romkema's printout and his analysis of its significance are not probative evidence of the number of retail-marker jobs in the national economy that Romkema could perform. A vocational expert's "experience in using" specialized software products "and interpreting the output" is ordinarily necessary "to produce probative results" about jobs numbers. *Wischmann*, 68 F.4th at 507. Without any indication otherwise, counsel for a claimant will ordinarily lack "identified expertise in calculating job figures in the national economy." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022); *see also Wischmann*, 68 F.4th at 507. Romkema's counsel does not claim to have the training or experience of a vocational expert. Rather, Romkema invites the court to take "administrative notice" of both the O*Net survey and his analysis of how it affects the number of retail-marker jobs he can do.

We decline the invitation to take administrative or judicial notice, which

24-5688

Romkema agrees would be appropriate in this context only if the information noticed were reliable. We have recognized that a claimant must resolve uncertainties about the authenticity or significance of computer printouts by providing evidence about the source of the data, such as evidence showing the qualifications of the person who ran the computer search, the search terms chosen and filters applied, and the version of the program that was used. *See Wischmann*, 68 F.4th at 507.

To calculate the number of retail-marker jobs, Romkema used a methodology different from the vocational expert's without providing evidence that his alternative method is reliable. Romkema used Occu Collect to retrieve data from O*Net, but the vocational expert did not use either of these programs. Romkema does not explain how Occu Collect obtains O*Net data or whether the data are filtered or modified. Thus, his printouts lack the indicia of reliability that *Wischmann* requires.

Even if Romkema's survey printouts were probative evidence, he has not shown how survey data about a large occupational group applies to the single retail-marker job included within that group. The record does not independently establish that working as a retail marker almost always involves either customer service or teamwork. Romkema's Job Browser Pro printout describes the retail-marker as a person who "[m]arks and attaches price tickets to articles of

merchandise to record price and identifying information" by various means, work that could be performed alone. Nor does Romkema explain how general survey questions about "work[ing] with external customers or the public" and "work[ing] with others in a group or team," map onto his specific work limitations.

Substantial evidence supports the ALJ's finding that Romkema could perform jobs that exist in significant numbers in the national economy. *See Kilpatrick*, 35 F.4th at 1192 (recognizing that "a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself") (citation omitted). Romkema has submitted no significant probative evidence in conflict with the vocational expert's testimony that would justify remand.

**AFFIRMED.**